UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

JEFFREY NORKIN,

    Petitioner,

v.                                       Case No. 4:25-cv-6-MW-MJF

FLORIDA SUPREME COURT, *et al.*,

    Respondents.

_____/

## REPORT AND RECOMMENDATION

The undersigned recommends that this case be dismissed without prejudice because Petitioner failed to comply with two court orders, failed to comply with two local rules, failed to prosecute this action, and failed to pay the filing fee or apply for leave to proceed *in forma pauperis*.

### I. BACKGROUND

Jeffrey Norkin, proceeding *pro se*, initiated this civil action on January 3, 2025, by filing a petition for writ of habeas corpus. Doc. 1. The subject of Norkin's petition was a decision of the Supreme Court of Florida adjudicating Norkin guilty of indirect criminal contempt and sentencing Norkin to 60 days of incarceration in jail with 50 days suspended contingent upon Norkin's successful completion of five months

of probation with special conditions. Doc. 1 at 5-6; *see also Fla. Bar v. Norkin*, 399 So. 3d 312 (Fla. Sept. 19, 2024), *reh'g denied*, 2025 WL 18652 (Fla. Jan. 2, 2025) (requiring Norkin to surrender to the Sheriff of Orange County, Florida by 5:00 p.m. on January 7, 2025, to serve his sentence).

Norkin filed his habeas petition in the United States District Court for the Middle District of Florida. Doc. 1. Norkin's petition was not accompanied by the $5.00 habeas filing fee or a motion for leave to proceed *in forma pauperis*. The Middle District transferred the case to the Northern District on January 8, 2025. Doc. 6.

On January 9, 2025, the undersigned ordered Norkin to file: (1) a notice of voluntary dismissal or (2) an amended petition on the Northern District's petition form accompanied by payment of $5.00 or a complete application for leave to proceed *in forma pauperis*. Doc. 7 at 3-4 (citing N.D. Fla. Loc. R. 5.7(A); N.D. Fla. Loc. R. 5.3). The undersigned set a compliance deadline of January 31, 2025, and warned Norkin that failure to comply with the order likely would result in this case being dismissed. Doc. 7 at 5.[1]

---

[1] The clerk of court mailed a copy of the January 9 order to Norkin at his address of record and, in an abundance of caution, to the Orange County Jail. *See* Doc. 7 (docket text). The copy mailed to the Jail was returned to

To date, Norkin has not complied with the January 9 order, and has not responded to the 14-day show-cause order entered on February 18, 2025. Doc. 10.

## II. DISCUSSION

"Federal courts possess an inherent power to dismiss a complaint for failure to comply with a court order." *Foudy v. Indian River Cnty. Sheriff's Off.*, 845 F.3d 1117, 1126 (11th Cir. 2017) (citations omitted); N.D. Fla. Loc. R. 41.1 (authorizing the court to dismiss an action, or any claim within it, "[i]f a party fails to comply with an applicable rule or a court order"). A district court also may dismiss a civil action *sua sponte* for failure to prosecute. *See* Fed. R. Civ. P. 41(b); *Link v. Wabash R. Co.*, 370 U.S. 626, 632 (1962). Furthermore, a district court may dismiss a civil action when the petitioner/plaintiff fails to pay the filing fee or demonstrate entitlement to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(a); N.D. Fla. Loc. R. 5.3; *Wilson v. Sargent*, 313 F.3d 1315, 1320–21 (11th Cir. 2002).

---

the court as undeliverable on February 20, 2025, because Norkin had been "RELEASED/BONDED OUT." Doc. 11. The copy of the January 9 order that was mailed to Norkin's address of record (his residential address) has not been returned to the court.

Norkin has failed to comply with two court orders and two local rules, failed to prosecute this action, and failed to pay the filing fee or apply for leave to proceed *in forma pauperis*. Norkin has offered no excuse for these failures and, consequently, has not shown good cause. Accordingly, dismissal of this action is appropriate. *See, e.g., Olivares v. Warden, USP Coleman I*, 786 F. App'x 994, 994-95 (11th Cir. 2019) (dismissing habeas petition because petitioner failed to comply with district court's local rules despite notice and order requiring compliance).

### III.  CONCLUSION

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that:

1. This civil action be **DISMISSED** without prejudice.

2. The clerk of court be directed to close this case file.

At Panama City, Florida, this 28th day of March, 2025.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

### NOTICE TO THE PARTIES

**The District Court referred this case to the undersigned to make recommendations regarding dispositive matters.** *See* **28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b). Objections to these proposed**

**findings and recommendations must be filed within fourteen days of the date of the report and recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only.</u> A party must serve a copy of any objections on all other parties. A party who fails to object to this report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. R. 3-1; 28 U.S.C. § 636.**